10-3510-cv
Teitelbaum v. Lin & Mochdar

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of June, two thousand eleven.

PRESENT: DENNIS JACOBS,
                          Chief Judge,
             DEBRA ANN LIVINGSTON,
                          Circuit Judge,
             JED S. RAKOFF,
                          District Judge.*

- - - - - - - - - - - - - - - - - - -X

WILLIAM A. TEITELBAUM,
          Plaintiff-Counter-Defendant-
          Appellant,

          -v.-                                      10-3510-cv

LAY SIOK LIN,
          Cross-Claimant-Counter-
          Claimant-Appellee,

AZIZ MOCHDAR,
          Cross-Claimant-Appellee,

BRUCE MABEY, PLATINUM TOO, LLC,
          Defendants-Cross-Defendants.
- - - - - - - - - - - - - - - - - - -X

---

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR APPELLANT:**     Anton J. Borovina, Melville, New York.

**FOR APPELLEES:**     Matthew N. Metz, Metz Law Group, PLLC, Seattle, Washington (Levy, Ehrlich & Petriello, P.C., Newark, New Jersey, <u>on the brief</u>).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

William Teitelbaum appeals from portions of the judgment of the United States District Court for the Eastern District of New York (Wexler, <u>J.</u>) finding that Platinum Too, LLC, breached its obligation to repay two investors, Lay Siok Lin and Aziz Mochdar, in connection with promissory notes issued by the company and holding Teitelbaum personally liable for the breach under an alter ego theory of liability. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The district court's legal conclusion that Platinum Too was the alter ego of Teitelbaum is reviewed <u>de novo</u>, but we defer to factual findings of the district court unless they are clearly erroneous. <u>United States v. Funds Held in the Name or for the Benefit of Wetterer</u>, 210 F.3d 96, 106 (2d Cir. 2000); <u>see also</u> Fed. R. Civ. P. 52(a)(6). The parties' assumption that Utah law controls the alter ego analysis "is sufficient to establish choice of law." <u>Motorola Credit Corp. v. Uzan</u>, 388 F.3d 39, 61 (2d Cir. 2004) (internal quotation marks omitted).

Under Utah law, "[o]rdinarily, a corporation is regarded as a separate and distinct legal entity . . . ." <u>Colman v. Colman</u>, 743 P.2d 782, 786 (Utah Ct. App. 1987) (internal quotation marks omitted). Although "there is little case law discussing veil piercing theories outside the corporate context," the doctrine has been applied to limited liability companies such as Platinum Too. <u>Ditty v. CheckRite, Ltd.</u>, 973 F. Supp. 1320, 1335 (D. Utah 1997); <u>see also</u> <u>d'Elia v. Rice Dev., Inc.</u>, 147 P.3d 515, 521 n.5 (Utah

2

Ct. App. 2006). In order to disregard the corporate entity under the alter ego doctrine, the court must find:

> (1) [s]uch a unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, but the corporation is, instead, the alter ego of one or a few individuals; and (2) if observed, the corporate form would sanction a fraud, promote injustice, or result in an inequity. . . . It is not necessary that the plaintiff prove actual fraud, but must only show that failure to pierce the corporate veil would result in an injustice.

Colman, 743 P.2d at 786. Utah courts look to a list of "factors which are deemed significant, although not conclusive," id., in evaluating whether the alter ego test is satisfied:

> (1) undercapitalization of a one-man corporation; (2) failure to observe corporate formalities; (3) nonpayment of dividends; (4) siphoning of corporate funds by the dominant stockholder; (5) nonfunctioning of other officers or directors; (6) absence of corporate records; (7) the use of the corporation as a facade for operations of the dominant stockholder or stockholders; and (8) the use of the corporate entity in promoting injustice or fraud.

Id. (internal footnotes omitted). For substantially the reasons stated by the district court, we affirm the district court's ruling that Platinum Too was Teitelbaum's alter ego.

Teitelbaum invokes Utah Revised Limited Liability Company Act, Utah Code Ann. § 48-2c-605 (the "Revised Act"), which provides that the "failure of a company to maintain records, to hold meetings, or to observe any formalities . . . is not a ground for imposing personal liability on any member, manager, or employee for any debt, obligation, or liability of the company." Teitelbaum argues that it was therefore legal error to hold him personally liable to Lay Siok Lin and Mochdar. "No Utah state court or federal court has explicitly decided whether the veil of an LLC can be pierced under the Revised Act. In the absence of controlling state authority, we must predict as best we can what the Utah Supreme Court would do in these

3

circumstances." <u>TFH Props., LLC v. MCM Dev., LLC</u>, No. CV-09-8050-PCT-FJM, 2010 WL 2720843, at *6 (D. Ariz. July 9, 2010).

Under the Revised Act, it would clearly be error to impose alter ego liability based solely on the failure to observe formalities. "But it does not follow that because formalities cannot be the lone basis for piercing, no LLC member can be held personally liable for an LLC's debts." <u>Id.</u> In addition to disregarding formalities, Teitelbaum "conduct[ed] his private and corporate business on an interchangeable or joint basis as if they were one," and "failure to pierce the [LLC's] veil would result in an injustice." <u>Colman</u>, 743 P.2d at 786.

Finding no merit in Teitelbaum's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK